PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


PETER NITTOLI,                              )
                                            )        CASE NO. 4:16CV3047
                    Plaintiff,              )
                                            )
          v.                                )        JUDGE BENITA Y. PEARSON
                                            )
MAHONING COUNTY ENGINEER,                   )
                                            )        **MEMORANDUM OF OPINION AND**
                    Defendant.              )        **ORDER** [Resolving ECF No. 6]


        Pending before the Court is Plaintiff's Motion to Remand.  ECF No. 6.  For the following

reasons, the Court grants the Motion.

## I.  Background

        Plaintiff brought this age discrimination suit in the Mahoning County, Ohio Court of

Common Pleas.  ECF No. 1-1.  Plaintiff worked for Mahoning County as a mechanic and truck

driver from December 5, 1994 through February 22, 2016.  *Id.* at PageID #: 6–7, ¶¶ 5–7.  At the

time he filed his Complaint, Plaintiff was 51 years old.  *Id.* at PageID #: 6, ¶ 4.

        Mahoning County terminated Plaintiff's employment for using a county truck to plow the

residential street on which he lives.  *Id.* at PageID #: 7, ¶ 8.  Plaintiff contends he used the truck

because he needed to retrieve prescribed medication, and that younger employees plowed

residential streets without facing adverse employment action.  *Id.* at PageID #: 7, ¶ 9–10.

Plaintiff argues that he was "discriminated against . . .  on the basis of age further to the Age

(4:16CV3047)

Discrimination in Employment Act ("ADEA") as incorporated in R.C. Chapter 4112." *Id.* at

PageID #: 7, ¶ 12.  He only alleges a cause of action under Ohio Rev. Code § 4112.14.  *Id.* at

PageID #: 8, ¶ 18.

Defendants removed the case on the basis of federal question jurisdiction, arguing that

Plaintiff's Complaint sets forth allegations under the Federal Age Discrimination in Employment

Act ("ADEA").  ECF No. 1 at PageID #: 1.  Plaintiff moved to remand, arguing that it only

pleaded claims under Ohio Rev. Code § 4112.14.  ECF No. 6.  Defendant responded.  ECF No.

7.  Plaintiff did not reply, and the time to do so has passed.  L.R. 7.1.

## II.  Standard of Review

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the

district courts of the United States have original jurisdiction, may be removed by the defendant or

defendants, to the district court of the United States for the district and division embracing the

place where such action is pending."  District courts have original jurisdiction over civil actions

that arise under federal law, *see* 28 U.S.C. § 1331, or that involve parties of diverse citizenship

and exceed $75,000 in controversy, *see* 28 U.S.C. § 1332.  "The presence or absence of

federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides

that federal jurisdiction exists only when a federal question is presented on the face of the

plaintiff's properly pleaded complaint."  *Caterpillar v. Williams*, 482 U.S. 386, 392 (1987); *see*

*also Warner v. Ford Motor Co.*, 46 F.3d 531, 533 (6th Cir. 1995) ("[T]he plaintiff is the master

of the complaint . . . [T]he plaintiff may, by eschewing claims based on federal law, choose to

have the cause heard in state court.").

2

(4:16CV3047)

"It is well settled that a case may be said to arise under the Constitution or laws of the United States whenever its correct decision depends upon the construction of either, or when the title or right set up by the party may be defeated by one construction of the Constitution or law of the United States, and sustained by the opposite construction. Otherwise, not." *Shelby Cty., Tenn. v. Fairway Homes, Inc.*, 285 F.2d 617, 618 (6th Cir. 1961).  Even if the disputed right "takes its origin in the laws of the United States," the claim does not "arise under" federal law unless "it really and substantially involves a dispute or controversy respecting the validity, construction, or effect of such a law, upon the determination of which the result depends." *Id.* (quoting *Shulthis v. McDougal*, 225 U.S. 561, 569 (1912).

### III.  Discussion

Plaintiff's age discrimination claim does not arise under federal law.  Although Defendant argues that "merely citing to a federal statute is enough to support removal to federal court,"  this reading of the law is incorrect.  *Compare* ECF No. 7 at PageID #: 30 *with Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 807 (1986) ("[a]lthough the constitutional meaning of 'arising under' may extend to all cases in which a federal question is 'an ingredient' of the action . . . we have long construed the statutory grant of federal-question jurisdiction as conferring a more limited power[.]" (citations omitted)).  Instead, a court must reference the well-pleaded complaint to determine whether it requires interpretation of federal law.  *Shelby Cty.*, 285 F.3d at 619.

In this case, Plaintiff's only cause of action is one under Ohio Rev. Code § 4112.14, Ohio's Age Discrimination statute.  Although Ohio has incorporated the Federal ADEA into its own age discrimination statute, this incorporation does not mean that every claim under the Ohio

3

(4:16CV3047)

Age Discrimination statute creates a federal question.  Resolution of Plaintiff's claims requires interpretation of Ohio's statute alone.

In support of federal jurisdiction, Defendant cites *Nenninger v. Zanesfield Rod & Gun Club*, No. 2:13-cv-1004, 2013 WL 6198309 (S.D. Ohio Nov. 27, 2013) (magistrate judge's report and recommendation) *adopted and affirmed by* No. 2:13-cv-1004, 2014 WL 28867 (S.D. Ohio Jan. 2, 2014).  In *Nenninger*, the plaintiff filed an age discrimination complaint against his employer.  Count Three of his complaint alleged that his employer's conduct "amounts to a violation of Ohio R.C. 4112.02 *et seq.* and the [F]ederal Age Discrimination in Employment Act, 29 U.S.C. 621 *et seq.*"  *Nenninger*, 2013 WL 6198309, at *1.  The Southern District of Ohio first noted that "[a] complaint arises under federal law if it: (1) states a federal cause of action . . . ." *Id.* at *2 (quoting *Ohio ex rel. Skaggs v. Brunner*, 629 F.3d 527, 530 (6th Cir. 2010)).  The court then found that Nenninger "expressly invokes the federal Age Discrimination in Employment Act and seeks relief available under that statute." *Id.*

Unlike Nenninger, Plaintiff did not "expressly invoke" the ADEA.  Although Plaintiff mentioned the federal statute in his pleadings, he listed only the Ohio Age Discrimination statute under "Causes of Action."  Similarly, he limits the relief sought to that available under the Ohio statute, rather than the broader relief afforded by the ADEA.  In contrast, Nenninger expressly accused his employer of violating the ADEA, and listed the Federal Act as a cause of action.

Because the matter at issue does not concern a federal question, and there is no indication that the parties are diverse or that the case would otherwise satisfy diversity jurisdiction, the Court does not have subject-matter jurisdiction over the matter.

(4:16CV3047)

## IV.  Conclusion

For the foregoing reasons, the Court grants the Motion to Remand.  The case is remanded to the Mahoning County, Ohio Court of Common Pleas forthwith.  The Case Management Conference scheduled for March 22, 2017 is cancelled.


IT IS SO ORDERED.


 March 20, 2017                                        /s/ Benita Y. Pearson
Date                                                        Benita Y. Pearson
                                                                United States District Judge

5